IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CROP PRODUCTION SERVICES, INC.**                              **PLAINTIFF**

VS.                              NO:4:11CV00320

**SWIFT DITCH FARMS PARTNERSHIP,**
an Arkansas Partnership;
**DANIEL HOSMAN,** an individual;
**DONALD HOSMAN,** an individual
**DONNITA HOSMAN,** an individual;
**DCSL FARMS, INC.,** an Arkansas corporation;
**DCDV FARMS, INC.,** an Arkansas corporation;
**DVSL FARMS, INC.,** an Arkansas corporation                              **DEFENDANTS**

## ORDER

Pending is Defendants' motion to transfer this case to the Jonesboro Division of the Court. (Docket #5). Plaintiff has responded and objects to a transfer.

Plaintiff filed this action in the Western Division of this Court "to collect on an unpaid debt arising out of contract and evidenced by invoices for goods bought and sold." (Plaintiff's Complaint at ¶1). The Plaintiff is a foreign corporation with several places of business located throughout Arkansas, including one establishment in Crawfordsville, Arkansas. Defendants are businesses with principal places of business in Craighead County Arkansas, and individuals with residences in Craighead County, Arkansas.

28 U.S.C. §1404 (a) allows the Court to transfer an action to any other district or division in which it might have been brought for the convenience of parties and witnesses and in the interest of justice. "In order to show that transfer is proper, the [movant] must establish that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) the

transfer is for the convenience of the parties and witnesses and promotes the interests of justice". *Arkansas Right to Life State Political Action Committee v. Butler*, 972 F. Supp. 1187, 1193 (W.D. Ark. 1997).

Defendants bear the burden of proving the alternate forum is more convenient than the one chosen by the plaintiff. *Terra Int'l Inc. v. Mississippi Chem. Corp.,* 119 F.3d 688 (8th Cir. 1997). In doing so, the defendant must overcome the general principle that the plaintiff's choice of forum should be disturbed only if the balance of convenience strongly favors the defendant. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) *superceded by statute*. "Plaintiff's choice of forum is given 'great weight' and should rarely be disturbed." *Butler,* 972 F.Supp. at 1194.

Based upon the facts in this case, the Court finds that the Defendants have failed to meet their burden of proof. The Court cannot say that the balance of convenience strongly favors the defendant. The forum chosen by the Plaintiff is equally convenient for the witnesses and parties. Further, the interest of justice will be equally served in the Western Division of the Court. Because of the deference afforded the Plaintiff's choice of forum, the Court finds that the Defendants' motion, should be, and hereby is, DENIED. See *Gardner Engineering Corp. v. Page Engineering Co.,* 484 F.2d 27, 33 (8th Cir. 1973)( "[s]ince venue is a procedural rule of convenience, the convenience of the aggrieved party should be first accommodated.").

Accordingly, Defendants' motion to transfer is denied.

IT IS SO ORDERED this 31st day of May, 2011.

James M. Moody
United States District Judge